UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21943-Cv-Seitz
      (08-20536-Cr-Seitz)
   MAGISTRATE JUDGE P. A. WHITE

TODD C. SMITH,                 :

         Movant,              :

                                        REPORT OF
                                   MAGISTRATE JUDGE

UNITED STATES OF AMERICA,      :

    Respondent.               :
_____


## Introduction

This matter is before the Court on the movant's motion to vacate pursuant to 28 U.S.C. §2255, attacking his sentence for mailing threatening communication, threats against the President and three counts of threats against the immediate family of the President, entered following a guilty plea in case no. 08-20536-Cr-Seitz.

The Court has reviewed the motion (Cv-DE#1), the government's answer (Cv-DE#9), the memorandum prepared by the probation officer which mirrors a Pre-sentence Investigation Report and all pertinent portions of the underlying criminal file.

In his §2255 motion, the movant raised the following claim:

1.   The sentence imposed by the District Court is unconstitutional as it violates United States Sentencing Guidelines §5G1.1(a). (Cv-DE#1:1).

## Procedural History

The procedural history of the underlying criminal case reveals that on June 12, 2008, the federal grand jury returned an indictment charging the movant with mailing threatening communication, in violation of 18 U.S.C. §876(c) (Count One); threats to the President of the United States, in violation of 18 U.S.C. §871 (Count Two); threats to the immediate family of the President of the United States, in violation of 18 U.S.C. §879(a)(2) (Counts Three - Five). (Cr-DE#1).

Thereafter, on October 30, 2008, the movant, without a negotiated written plea agreement, pleaded guilty straight to the indictment. (Cr-DE#43).

A PSI was not prepared in the underlying criminal case. However, the government provided the District Court with a memorandum created by the U.S. Probation Office which provided guideline calculations, sentencing options, a recommendation page and a previously completed investigation report.

The memorandum reflects that the probation officer determined that pursuant to U.S.S.G. §3D1.2, the counts of conviction cannot be grouped together, because each threat represented a separate instance of fear and risk of harm. Accordingly, each count of conviction represents a distinct group/unit.

Each count of conviction received a base offense level of 12. Moreover, each group's base offense level was increased by three levels because the victims were government employees and the offenses were motivated by such status. Accordingly, the base offense level for each group was 15. Moreover, because the counts were ineligible for grouping, the base offense level of 15 was

increased by 4 levels to account for the total number of units involved. Accordingly, the combined adjusted offense level was set at 19. Notwithstanding, because the movant clearly demonstrated acceptance of responsibility for his offense, the base offense level was decreased by three levels. Thus, the movant's total offense level was 16.

The probation officer further determined that the movant had a subtotal of nine criminal history points. However, because he committed the criminal offense while under a criminal justice sentence, two additional points were added. Thus, the movant had 11 criminal history points and a criminal history category of V. Based on a total offense level of 16 and a criminal history category of V, the guideline range was 41 to 51 months. Moreover, because the offense was committed while the movant was serving a term of imprisonment, the probation officer determined that his sentence for the offense shall run consecutively to the undischarged term of imprisonment.

On October 31, 2008, the movant was sentenced to 50 months imprisonment as to each Counts One through Five, all to run concurrently and 40 months to run concurrently and 10 months to run consecutively to the undischarged term of imprisonment in State Case Nos. 94-1382-CF and 95-64-CF, followed by two years of supervised release and a $500 special assessment. (Cr-DE#45). The Clerk entered judgment on November 3, 2008. (Cr-DE#47). No direct appeal ensued. The judgment of conviction in the underlying criminal case became final at the latest on November 18, 2008, ten days after the entry of judgment (Cr-DE#37), when time expired for

3

filing a notice of appeal.[1] At the latest, the movant was required to file this motion to vacate within one year from the time the judgement became final, or no later than November 18, 2009. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986). The movant signed and executed this motion to vacate on July 1, 2009. (Cv-DE#1). Therefore, this motion was timely filed.

## Discussion of Claim

The movant's sole claim could have been, but was not raised on direct appeal. Because the claim was not raised on direct appeal, it is procedurally barred from review in this collateral proceeding unless the movant can show cause for the default and actual prejudice, Wainwright v. Sykes, 433 U.S. 72 (1977), or a fundamental miscarriage of justice, Engle v. Isaac, 456 U.S. 107 (1982). Constitutionally ineffective assistance of counsel can constitute cause. See Holladay v. Haley, 209 F.3d 1243, 1253 (11th Cir. 2000), citing, Hollis v. Davis, 941 F.2d 1471, 1476 (11th Cir.1991), citing Murray v. Carrier, 477 U.S. 478, 488 (1986)); see also, United States v. Breckenridge, 93 F.3d 132 (4th Cir. 1996). Attorney error, however, does not constitute cause for a procedural default unless it rises to the level of ineffective assistance of counsel under the test enunciated in Strickland v. Washington, 466 U.S. 668 (1984); Murray v. Carrier, 477 U.S. 478, 488 (1986).

---

[1]Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time for filing a direct appeal expires. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999).  The time for filing a direct appeal expires ten days after the judgment or order being appealed is entered.  Fed.R.App.P. 4(b)(1)(A)(I).  The judgment is "entered" when it is entered on the docket by the Clerk of Court.  Fed. R. App. P. 4(b)(6).

On December 1, 2002, Fed.R.App.P. 26; which contains the rules on computing and extending time, was amended so that intermediate weekends and holidays are excluded from the time computation for all pleadings due in less than 11 days.  The judgment was entered by the Clerk on December 19, 2006, so the movant had until January 4, 2007, within which to timely file a notice of appeal.

The movant, in this collateral proceeding, neither shows cause for failing to raise the issue on direct appeal nor does he show any actual prejudice as a result therefrom. Notwithstanding, the claim will be discussed on the merits, <u>infra</u>.

Moreover, before discussing the claim raised in this collateral proceeding on the merits, it should first be noted that there are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 movant demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.  <u>Belford v. United States</u>, 975 F.2d 310, 313 (7th Cir. 1992), <u>overruled on other grounds by</u> <u>Castellanos v. United States</u>, 26 F.3d 717 (7th Cir. 1994). In other words, collateral attack on a final judgment in a criminal case is generally available under §2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice. <u>Lynn v. United States</u>, 365 F.3d 1225, 1232 (11th Cir. 2004)(citations omitted); <u>Graziano v. United States</u>, 83 F.3d 587 (2d Cir. 1996), <u>citing</u> <u>Knight v. United States</u>, 37 F.3d 769 (1st Cir. 1994); <u>United States v. Bokun</u>, 73 F.3d 8, 12 (2d Cir. 1995). It appears that the claim raised in this §2255 motion is not cognizable.

Nonconstitutional sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed by way of 28 U.S.C. §2255.  <u>Graziano v. United States</u>, 83 F.3d 587

(2d Cir. 1996), <u>citing</u> <u>Knight v. United States</u>, 37 F.3d 769 (1st Cir. 1998)(claim that a sentence imposed is contrary to a post-sentencing clarifying amendment is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice); <u>See</u> <u>also</u>, <u>Reed v. Farley</u>, 512 U.S. 339, 348 (1994). Moreover, sentences imposed within the statutory limits are insulated from §2255 review.  <u>Kett v. United States</u>, 722 F.2d 687, 690 (11th Cir. 1984).

In his sole claim, the movant asserts that the sentence imposed by the District Court is unconstitutional as it violates United States Sentencing Guidelines §5G1.1(a).  (Cv-DE#1:1). Specifically, the movant appears to argue that the District Court failed to properly comply with U.S.S.G. §5G1.1(a) when his federal term of imprisonment was ordered to run consecutively to the undischarged term of imprisonment in state prison. (<u>Id.</u>).

Notwithstanding, Section 5G1.1(a) of the federal sentencing guidelines is not applicable to the movant's argument as he indicates. However, the movant is not at fault for this as it appears the memorandum, which mirrors a PSI, contains a scrivener's error when it incorrectly states that "[p]ursuant to §5G1.1(a), as the instant offense was committed while the defendant was serving a term of imprisonment, the sentence for the instant offense shall run consecutively to the undischarged term of imprisonment." A review of the federal sentencing guidelines indicates that Section 5G1.3 is the applicable guideline and not Section 5G1.1(a). Nevertheless, the merits of the movant's arguments will be addressed pursuant to both U.S.S.G. §§5G1.1(a) and 5G1.3.

Section 5G1.1(a) of the sentencing guidelines reads: "Where the statutorily authorized maximum sentence is less than the

6

minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence." U.S.S.G. §5G1.1(a).

Evidently, Section 5G1.1(a) involves the statutory maximum sentences that fall below the low end of a defendant's guideline range. In such a situation, the section mandates that the statutorily authorized maximum sentence be the guideline sentence. In the movant's case, the statutory maximum for Count One was ten years and five years for the remaining counts. His guideline range was 41-51 months, an amount less than the statutory maximum for any of his counts of conviction. Thus, section 5G1.1(a) is not applicable to the movant's argument and accordingly, this claim is without merit.

Section 5G1.3 reads in pertinent part:

(a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

* * * * *

(c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S.S.G. §5G1.3. Therefore, despite whether Section 5G1.3(a) or Section 5G1.3(c) is the applicable sentencing guideline, the movant

has no remedy since he committed the offenses of the underlying criminal proceedings while incarcerated. Accordingly, it was well within the District Court's discretion to impose part of his federal sentence consecutively to his undischarged state sentence.

Moreover, the Eleventh Circuit has established a two-part process for district courts to utilize in fashioning sentences. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). First, the court must consult and correctly determine the sentence range prescribed by the Sentencing Guidelines. Id. Second, the court must fashion a reasonable sentence by considering the factors enumerated in 18 U.S.C. §3353(a). Id. Included among the §3553(a) factors are: (1) the nature and circumstance of the offense; (2) the history and characteristic of the defendant; (3) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for deterrence; (5) the need to protect the public; (6) the Sentencing Guideline range; and, (7) the need to avoid unwanted sentencing disparities. See 18 U.S.C. §3553(a). The court need not, however, consider each of the §3553(a) factors. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). The movant does not argue that the district court failed to utilize the two-part process in fashioning his sentence.

Moreover, the movant received a benefit when the District Court ordered for 40 of his 50-month sentence to be served concurrently with this undischarged term of imprisonment in his state cases as opposed to imposing the entire 50 months of his federal sentence consecutively to the state sentence.

Likewise, in this case, even if an argument was made as proffered that a consecutive sentence was unreasonable, and that

8

the court should therefore impose his federal sentence concurrently with this state sentence, no showing has been made in this collateral proceeding that the court would have granted such a request.

Conclusion

It is therefore recommended that the motion to vacate be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 19th date of November, 2009.

                                    _____
                                    UNITED STATES MAGISTRATE JUDGE


cc:   Todd C. Smith, Pro Se
      Jail No. 74848
      El Dorado Correctional Facility
      Reg. No. 26465-004
      P.O. Box 311
      El Dorado, KS 67042-0311

      Anne Ruth Schultz, AUSA
      United States Attorney's Office
      99 NE 4 Street
      Miami, FL 33132

      Jaime A. Raich, AUSA
      United States Attorney's Office
      99 NE 4 Street
      Miami, FL 33132